THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MELQUIADES CANDELARIA RODRÍGUEZ, Defendant and Appellant.

No. 9259. Argued June 8, 1942.—Decided June 26, 1942.

*E. Pérez Casalduc* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Melquiades Candelaria Rodríguez was charged by the District Attorney of Arecibo with the crime of having in his possession and carrying, on January 22, 1940, at Pajuil ward in Hatillo, a firearm without having made a written declaration thereof to the chief of police of his residence, in violation of §7 of Act No. 14 of 1936 (Laws of 1936, Spec. Sess., p. 128), as amended by Act No. 95 of 1937 (Laws of 1936–37, p. 239).

At the end of the trial, the district court sentenced the accused to eight months in jail. He appealed and in his brief assigns three errors, namely, that the lower court erred in sustaining the information, that it erred in not allowing the witness Rafael Milán to testify whether or not there was a weapon registered under the name of the accused's father, and that error was committed in weighing the evidence submitted.

In support of the first assignment of error, appellant contends that since the information merely states that the accused had in his possession and was carrying a firearm without having declared the possession thereof at police

headquarters, without specifying that said firearm was a pistol, revolver, shotgun, or rifle, which are mentioned in the first section of the allegedly infringed law, said information did not impute the commission of a crime. To buttress his contention, appellant cites the decisions of this court in the cases of *People* v. *Avilés,* 54 P.R.R. 257 and *People* v. *Rodríguez,* 59 P.R.R. 601.

In the latter case, the former case is cited. On page 603 the court says, "Lastly, the number and make of the weapon need not be stated in the information. It is sufficient to allege that the same is a revolver, for such term has a well-defined meaning in Spanish and it is by itself sufficient to inform the defendant as to the nature of the weapon involved. What the law and the decisions require is that the defendant be reasonably informed of the offense with which he is charged, and the information in the instant case satisfactorily complies with that requisite."

If the law upon this matter is analyzed, it is clear that the information is sufficient. Section 7, as amended by Act No. 95 of May 12, 1937, reads: "Every person who, for any reason, has any firearm in his possession when this Act takes effect, shall be obliged so to declare, in writing, . . . to the chief of the Insular Police of the district where he resides." It continues: "Likewise, every person obtaining in any manner the control or possession of any firearm after this Act is in force shall be obliged so to declare, . . . "

That section was made to read in this fashion, that is, it speaks generally of "any firearm," because the first section read "The word 'firearm', as it is used in this Act, means any pistol or revolver, the barrel of which measures up to twelve inches in length; any BB rifle, the barrel of which measures up to twenty-four inches in length, and any rifle, the barrel of which measures up to fifteen inches in length."

Therefore, when in the information which followed the wording of the statute it was stated that the accused " . . . illegally, voluntarily, maliciously, and criminally had in his

possession and was carrying a firearm without having declared the possession thereof . . . ", "firearm" meant exactly what the Act intended it to mean, that is, a pistol, revolver, shotgun, or rifle of the same species as specified in the first section. If the accused needed a more specific description of the weapon, he could have asked the court that the same be given to him, as it was resolved in the case of *People* v. *Avilés, supra,* and ratified in the case of *People* v. *Rodríguez supra,* but at this time he cannot successfully raise the issue that the information did not charge him with the commission of a crime. The first assignment of error is without merit.

Let us look into the second assignment of error. The district attorney called Rafael Milán, a corporal in the police force and commandant of the district of Hatillo, to the witness stand. This witness had repeatedly said that the accused did not have any firearm registered at police headquarters, but on redirect examination, the following occurred:

"Q. What are those books? A. Firearm registers from Police Headquarters of Hatillo.

"Q. Could we look into them? A. Yes, sir.

" .

"Q. Is there any weapon herein registered under the name of the accused's father?

"District Attorney: That is new matter.

"The Court: Inadmissible. He already said that nothing appears under the name of the accused. He has to demonstrate whether or not it has been registered."

The accused did not take an exception. Now, on appeal, he contends that the error committed is of such a nature that this court should take it into consideration upon the authority conferred upon the court by the provision found in §1 of the Act of May 30, 1904, Laws of 1905, page 16 (Comp. Stat. 1911, §6408).

We do not believe that the issue is as important as appellant thinks it is. The fact that accused's father may have

had a revolver registered under his name was not averred as a defense, nor does the record show that the averment would have been successful if it had been made. The theory of the accused was that he was not carrying a firearm.

The third and last assignment of error demands that we scrutinize the evidence submitted.

The first witness called was Ernesto Alonso González. He testified that on the day and place specified in the information he saw the accused fire with a revolver or pistol, a firearm, at Rafael Alonso, wounding him. He saw the sparks and heard the report. He did not see the weapon. He made it clear that he saw the firearm in the hands of the accused, but could not determine whether it was a pistol or revolver.

The victim, Rafael Alonso González, testified that at Pajuil, Hatillo, on January 22, 1940, the accused provoked him and shot at him "I don't know whether it was with a revolver or a pistol, but it was a firearm." He saw the weapon, and it was not a shotgun. He and the accused were friends.

Armando Quiñones saw the accused with a weapon in his hands, but could not say what kind of a weapon it was. The accused shot twice at Rafael Alonso. It was night time, and the moon was out. Visibility was quite good.

We have made reference already to the testimony of Rafael Milán, the last witness called for The People, which demonstrated that the accused did not have a firearm registered at police headquarters.

The defense then called Celedonio Talavera as a witness. He testified that he saw the accused and Alonso on the date and place indicated in the information. It was about nine o'clock at night, and the moon was very bright. The registration of voters was taking place. At a distance of about ten feet he saw the accused and Alonso join in a struggle. He did not see the accused carry any weapon at all. He heard two gun reports, but insists that he did not see the accused with a weapon at any time. At the instance of the defense, the

district attorney admitted that the testimony of other witnesses for the defense would be the same as Talavera's, and the trial ended.

We believe that sufficient evidence was submitted. If we give credit, as the lower court did, to the evidence submitted by the district attorney, it shows that the accused was in possession of an unregistered pistol or revolver, which is one of the firearms that must be registered according to the law. That is sufficient.

Unless some experience is had along this line, it is difficult to distinguish between a pistol and a revolver; however, when the weapon is seen in the hands of a person and this person fires it, it may well be asserted, as it was asserted by the witnesses in this case, that the object in question was a firearm. Necessarily, it was either one thing or the other, a pistol or a revolver. The Dictionary of the Spanish Academy defines a "pistol" as "A short firearm with a curving handle, which is cocked, aimed, and fired with a single hand", and it defines a "revolver" as "A pistol with several barrels or a single barrel, and with a revolving cylinder containing several chambers".

The judgment appealed from must be affirmed.

Mr. Justice Travieso did not participate herein.